IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Tremain Hogan,** | **Case No. 1:24 cv 1623** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Warden Jennifer Black,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendant.** | |

### Background

*Pro se* Plaintiff Tremain Hogan, an Ohio inmate, filed an *in forma pauperis* prisoner civil rights complaint in this case under 42 U.S.C. § 1983, purportedly as a class action on behalf of himself and other inmates, against Warden Jennifer Black of the Lorain Correctional Institution (LCI). (Doc. No. 1.) In his complaint, Plaintiff alleges he was transferred to LCI to await a post-release control revocation hearing, and that conditions at LCI violated his and other inmates' constitutional rights. Specifically, he complains that inmates are locked down without recreation or exercise, access to a law library and religious services, and that there is an "illegal commingling" in cells of level 4 inmates with pre-hearing detainees. (*Id*. at Page ID # 6.) He seeks injunctive relief prohibiting "PRC inmates" from being commingled with "level 4 inmates," and ordering that inmates receive adequate recreation and access to a law library and religious services. (*Id*. at Page ID # 8; *see also* Doc. No. 104.)

With his complaint, Plaintiff filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted. Plaintiff also filed, on December 2, 2024, a motion for default judgment. (Doc.

No. 3.) That motion is denied as there is no indication on the docket that Plaintiff's complaint has been properly served. Further, for the following reasons, his complaint is dismissed.

**Standard of Review and Discussion**

Federal district courts are expressly required, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to review all *in forma pauperis* prisoner complaints seeking redress from governmental officers and employees filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. To survive a dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A).

Upon review, the Court finds that Plaintiff's complaint warrants dismissal under §§ 1915(e)(2)(B) and 1915A.

First, for a case to proceed as a class action, several requirements must be met, including that "representative parties will fairly and adequately protect the interests" of any class that may be certified. *See* Fed. R. Civ. P. 23(a)(4). However, "[a] prisoner proceeding without an attorney may not represent the interests of fellow inmates in a class action." *Boussum v. Washington*, 649 F. Supp.3d 525, 528 (E.D. Mich. 2023) (citing *Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) ("[*P*]*ro se* prisoners are not able to represent

fairly the class.")). Accordingly, Plaintiff's *pro se* complaint fails to state a plausible claim to the extent he seeks to assert claims in a class action or on behalf of anyone other than himself.

Second, Plaintiff's complaint fails to state a plausible claim for relief to the extent he seeks relief on his own behalf under § 1983. Plaintiff's filings indicate he filed this action while he was detained at LCI, but the website of the Ohio Department of Rehabilitation and Correction, Offender Search section, indicates that he is currently incarcerated at the Toledo Correctional Institution. Because he has been transferred to another facility and seeks only injunctive relief, any constitutional claims regarding the conditions at LCI that he asserts on his own behalf are now moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that a prisoner's claim for declaratory and injunctive relief became moot when he was transferred to another facility from the prison about which he complains).

Finally, even if Plaintiff could assert a claim on his own behalf as to the conditions he experienced at LCI, his complaint is insufficient to state a plausible claim against Warden Black. A plaintiff cannot establish the individual liability of any individual defendant for violations of his constitutional rights under § 1983 absent allegations showing that the defendant was personally involved in the activities which form the basis of his claims. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95–3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Plaintiff's complaint does not allege facts suggesting the personal involvement of Warden Black in the conditions at LCI of which he complains. It appears he seeks to hold the Warden responsible on the basis of her overall responsibility for operations of the jail, but it is well-established that liability for constitutional violations cannot be imposed on supervisory officials merely on the basis of *respondeat superior*. *See Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999).

**Conclusion**

For all of the foregoing reasons, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: December 11, 2024

    *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE